IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONNA F. FAHNESTOCK
and HESTER J. KNOX,

    Plaintiffs,

v.                                Civil Action No. 5:10CV89
                                               (STAMP)
SABELIA E. CUNNINGHAM and
NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND
DENYING WITHOUT PREJUDICE DEFENDANT NATIONWIDE
MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANT NATIONWIDE
MUTUAL INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER;
AND DENYING WITHOUT PREJUDICE THE PLAINTIFFS'
MOTION TO EXTEND DATE FOR EXPERT DISCLOSURE**

I.  Background

The plaintiffs filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants. On August 4, 2010, the parties dismissed with prejudice defendant Sabelia E. Cunningham from this action. Defendant Nationwide Mutual Insurance Company ("Nationwide") then filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiffs then filed a motion to remand to which Nationwide responded. The plaintiffs did not file a reply. In addition, Nationwide filed a motion to dismiss and a motion for a protective order and the plaintiffs filed a motion to extend date for expert disclosure.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does not exist. Accordingly, the plaintiffs' motion for remand must be granted. In addition, this Court denies without prejudice Nationwide's motion to dismiss and motion for protective order and the plaintiffs' motion to extend time to file expert disclosure to the parties raising the same issues before the Circuit Court of Marshall County, West Virginia.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th

2

Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because Nationwide has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002) (citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481,

3

489 (S.D. W. Va. 2001)). The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested. Rather, in their complaint, the plaintiffs request "that the settlements they have entered into be determined to be binding and enforceable, that the settlement amounts be paid and that they be awarded other compensatory damages and punitive damages in an amount deemed fair, just, and equitable by the Court." The settlements that the plaintiffs reached with Nationwide are $7,500.00 for Fahnestock and $4,750.00 for Knox. Nationwide states that the amount in controversy is in excess of the jurisdictional minimum because the plaintiffs are seeking punitive damages that could result in a large punitive award.

4

Nationwide contends that the complaint itself demonstrates that punitive damages will likely exceed $75,000.00 because the plaintiffs allege that Nationwide intentionally committed mean-spirited and harmful acts that shock the conscience and that were designed solely to give Nationwide a pecuniary benefit. Nationwide next argues that the plaintiffs will seek damages to punish Nationwide for the activities of Nationwide regarding its treatment of Medicare liens. The defendant states that plaintiffs' counsel mailed Nationwide a letter suggesting that the acts of Nationwide are not just limited to the claims of the plaintiffs in this case, but are an example of a systemic failure by Nationwide to act reasonably in the handling of claims that may involve Medicare liens. Finally, Nationwide believes that its financial posture demonstrates that an award of punitive damages is likely to exceed $75,000.00.

After careful consideration of the record in this case, this Court finds that Nationwide has not met its burden of proof with regard to the amount in controversy. Nationwide's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). Here, Nationwide has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00, exclusive of interests and costs.

5

Potential punitive damages because of Nationwide's argument that the plaintiffs allege that Nationwide's acts shock the conscience or because of Nationwide's financial posture remain too speculative for purposes of amount in controversy. As this Court has stated in earlier opinions, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. at 932, 938 (S.D. W. Va. 1996).

Nationwide also cannot meet its burden of proof by arguing that the plaintiffs' counsel, in his letter, suggested that the acts of Nationwide are an example of a systemic failure by Nationwide to act reasonably. The United States Constitution prohibits a state from using a punitive damages award to punish a defendant's conduct inflicted upon a nonparty. <u>Perrine v. E.I. du Pont de Nemours & Co.</u>, 694 S.E.2d 815, 877 n.69 (W. Va. 2010) (quoting <u>Philip Morris USA v. Williams</u>, 549 U.S. 346, 353 (2007)). Thus, a jury in West Virginia can consider a defendant's conduct against nonparties in determining whether that defendant's conduct was reprehensible, but a jury may "not award punitive damages as punishment for conduct toward nonparties." <u>Id.</u> To the extent Nationwide argues that the plaintiffs will seek to punish it for harm inflicted to other parties not involved in the present litigation and recover damages for those injuries, such punishment is prohibited by the Due Process Clause of the United States Constitution. <u>Id.</u> To the extent that Nationwide argues that the

plaintiffs will seek punitive damages on the theory that Nationwide's conduct was reprehensible based on similar past actions, the argument is too speculative for purposes of amount in controversy.

Accordingly, the plaintiffs' motion to remand must be granted at this time. Nothing prevents Nationwide, under certain circumstances, from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

Because this Court finds it does not have subject matter jurisdiction over this action, it declines to rule on Nationwide's motion to dismiss, Nationwide's motion for protective order, and the plaintiffs' motion to extend time to disclose experts. This Court finds that those motions must be denied without prejudice to being filed in state court if it is appropriate to do so.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand (Document No. 11) is GRANTED. Defendant Nationwide Mutual Insurance Company's motion to dismiss (Document No. 5) and motion for protective order (Document No. 18) and the plaintiffs' motion to extend date for expert disclosure (Document No. 20) are DENIED

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).

WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Marshall County, West Virginia.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    May 12, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE